IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05CV258-1-MU

| | |
|---|---|
| EDGAR LEON APPLEWHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| DEPARTMENT OF TRANSPORTATION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed October 6, 2005.

Plaintiff, an inmate at Wilkes Correctional Center, has filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that he received inadequate medical care for a leg injury that occurred while he was working for the Department of Transportation in the town of Taylorsville, North Carolina.

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e. Specifically the PLRA sets forth that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e's exhaustion requirement is mandatory. Porter v. Nussle, 534 U.S. 516

(2002).

In his Complaint Plaintiff states that his grievance has not completed the entire administrative grievance process. Indeed, Plaintiff attaches a letter indicating that Plaintiff's grievance was recently forwarded to the superintendent to be processed via the Administrative Remedy Procedure Guidelines. Because Plaintiff has not satisfied the mandatory exhaustion requirement of § 1997e, Plaintiff's Complaint is dismissed.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

**Signed: October 11, 2005**

Graham C. Mullen
Chief United States District Judge